UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| PERSONAL COMPUTER SYSTEMS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:11-CV-374 |
| ) | (Phillips) |
| CENTRAL KNOX, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

Plaintiff Personal Computer Systems, Inc. has brought this action against defendant Central Knox, Inc., alleging that defendant has tortiously interfered with plaintiff's business relationships and that defendant has violated the Lanham Act, 15 U.S.C. § 1125(a)(1). Before the court is defendant's motion to dismiss plaintiff's complaint for failure to state a claim upon which relief may be granted, and plaintiff's motion to amend its complaint.

### I. Motion to Amend Complaint

When there are pending before the court both a dispositive motion and a motion to amend the complaint, the court must first address the motion to amend the complaint. *See Ellison v. Ford Motor Co.,*, 847 F.2d 297, 300-01 (6th Cir. 1988). Plaintiff's original complaint alleges claims relating to the awarding of a contract by the Sevier County Board of Education. Plaintiff has moved to amend its complaint to add claims for tortious

interference with its business relationships with the Anderson, Cocke and Loudon County school boards. Defendant opposes the motion to amend, stating that the amended complaint, like the original complaint in this action fails to state a claim upon which relief can be granted and is futile.

Rule 15(a), Federal Rules of Civil Procedure, permits amendments to pleadings at any time during the litigation, and leave shall be freely given "when justice so requires." However, a court must balance harm to the moving party if it is not permitted to amend against prejudice caused to the other party if leave to amend is granted. *Foman v. Davis,* 371 U.S. 178, 182 (1962). A court may deny leave to amend in some circumstances, including "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the opposing party by virtue of the allowance of the amendment and futility of the amendment." *Id.*

Here, there does not appear to be undue delay in the filing or giving notice of plaintiff's motion. Plaintiff filed its motion to amend along with its response to defendant's motion to dismiss. At this time, the parties have not undertaken any discovery. Moreover, no scheduling order has been entered by the court setting a deadline for amendments to pleadings, so plaintiff's motion is timely.

Second, there is no indication in the record that plaintiff is acting in bad faith in bringing the motion to amend. Plaintiff filed its motion following Central Knox's motion

2

to dismiss alleging new facts learned since the filing of its original complaint. Third, there has been no repeated failures to cure pleading deficiencies by amendment and it appears that the amendment may be required in order for the proper resolution of this case on its merits. Fourth, it does not appear that the defendant will be unduly prejudiced by the amendment. No trial date has been set and no scheduling order entered, so the parties are not facing any deadlines with respect to discovery or any matter relating to the prosecution of this case.

This leaves only the question of whether the proffered amendment is futile. A motion for leave to amend may be denied for futility "if the court concludes that the pleading as amended cannot withstand a motion to dismiss." *Midkiff v. Adams Co. Regional Water District,* 409 F.3d 758, 767 (6th Cir. 2005). A motion to dismiss should not be granted unless taking all well-pleaded allegations as true and construing them in the light most favorable to the non-moving party, there are not sufficient facts to make out all material elements of the claims. *Trezbuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003).

Since the amended complaint contains additional factual allegations, as well as additional claims for actions involving the Anderson, Cocke and Loudon County school boards, for completeness, the court will allow the amendment in order to address those claims. Accordingly, plaintiff's motion to amend complaint [Doc. 9] is **GRANTED.** The court will include the new allegations and claims in its analysis of defendant's motion to dismiss.

3

## II.  Background

Personal Computer Systems, Inc. (PSC) alleges that the Sevier County Board of Education (Sevier BOE) submitted an invitation to bid on a proposal for services for its computer equipment and maintenance. Bidding on the invitation opened on June 21, 2011. As part of the bidding process, Sevier BOE stated in its invitation that maintenance and support would weigh heavily in its decision as to which bid would be chosen. After the bidding was opened, PCS alleges that Central Knox submitted a proposal to be considered by Sevier BOE. PCS claims that at the time the proposal was submitted, Central Knox's website misrepresented information related to its service locations. PCS further complains that Central Knox's proposal contained the name of Doug Dockery who Central Knox represented as being an individual who would service Sevier BOE's prospective account. According to PCS, Dockery is a former employee of PCS who is subject to a covenant not to compete that prevented him from performing services for Sevier BOE via Central Knox. PCS alleges that it has an approximately eleven (11) year business relationship with Sevier BOE which is known to Dockery and Central Knox. Sevier BOE awarded the bid to Central Knox.

PCS alleges that at the time Central Knox submitted its proposal to Sevier BOE, PCS had a business relationship and a prospective future business relationship with Sevier BOE. It alleges that Central Knox was aware of PCS's business relationship with Sevier BOE. PCS claims that Central Knox used improper means in an effort to terminate the business relationship by submitting a proposal to Sevier BOE which contained the name of Dockery, a former PCS employee, who was contractually prohibited from

4

performing services for Sevier BOE, as an individual who would service the prospective account. PCS further alleges that Central Knox placed misleading information on its website which indicates that it has bona fide service center locations at stated addresses when it did not. PCS further alleges that Central Knox has made misleading statements of fact on its website by stating the location of its service centers, when in reality one or more of these locations are not bona fide Central Knox servicing centers. PCS further alleges that these statements actually or tend to deceive a substantial portion of the website's intended audience, including, but not limited to, Sevier BOE, and others in the industry (*e.g.,* other local school systems). PCS alleges that the statements are material in that they will likely influence the deceived consumers' purchasing decisions. PCS concludes that the failure of Sevier BOE to award the bid to PCS is causally linked to the misrepresentations as to service locations contained on Central Knox's website and in the bid Central Knox submitted.

In its amended complaint, PCS alleges that Central Knox submitted a bid to provide equipment and services to the Cocke County school system, as did PCS. After Center Knox submitted its bid to the Cocke County school system, Central Knox engaged in communication with an official of the system, and thereafter submitted a revised bid that was tailored toward ensuring that its bids on certain items were lower than that of PCS. The bid was awarded to Central Knox.

The amended complaint further alleges that Central Knox submitted a bid to the Anderson County BOE which falsely represented that Central Knox met certain service

5

requirements. PCS avers that based in part on the false representation, Central Knox received an award from Anderson County. PCS alleges that Central Knox submitted a bid to the Loudon County which falsely represented that Central Knox met certain service requirements. Based in part on the false representation, PCS alleges that Central Knox received an award from Loudon County. PCS alleges it had existing relationships with Anderson, Cocke and Loudon County school boards, and submitted bids to each of those entities. But for the wrongful conduct of Central Knox, PCS alleges it would have received an award, or a greater portion of the award, from the Anderson, Cocke and Loudon County school boards.

Central Knox has moved to dismiss PCS's complaint because the factual allegations in the complaint are insufficient to state a claim for relief for tortious interference with a business relationship or for violation of the Lanham Act, 15 U.S.C. § 1125(a)(1).

### III. Standard of Review

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court said that a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." The *Twombly* court changed the standard applicable to Rule 12(b)(6) motions to dismiss by directing that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Acknowledging that material allegations must be accepted as true and construed in the light most favorable to the nonmoving party, the Court nevertheless held that complaints in which plaintiffs have failed to plead enough factual

6

detail to state a claim that is plausible on its face may be dismissed for failure to state a claim. *Twombly*, 550 U.S. at 569-70. The Court explained that courts may no longer accept conclusory legal allegations that do not include specific facts necessary to establish the cause of action. The plaintiff must meet this new "plausibility" pleading standard before it is permitted to go further with its claims.

Before *Twombly* and *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009), courts allowed plaintiffs to conduct discovery in order to gather additional facts and information. After *Iqbal*, the plaintiff may no longer seek discovery to add additional facts to its complaint. The language of *Iqbal* specifically directs that no discovery may be conducted even when the information needed to establish a claim is solely within the purview of the defendant or a third party. *Id.* at 1954 ("Because respondent's complaint is deficient under Rule 8, he is not entitled to discovery, cabined or otherwise"). By foreclosing discovery to obtain factual information, the combined effect of *Twombly* and *Iqbal* require plaintiffs to have greater knowledge of factual details in order to draft a "plausible" complaint. Under the new *Twombly* standard set forth by the Supreme Court, even though a complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S. at 555. In this case, that means the plaintiff must allege specific facts to support its claims of tortious interference with a business relationship and a violation of the Lanham Act even if those facts are only within the control of the defendant. The plaintiff may not use the discovery process to obtain these facts after filing suit.

7

In addition to Fed.R.Civ.P. 8 requirements, because elements of fraud constitute the basis for tortious interference with a business relationship and a violation of the Lanham Act, the allegations in the complaint must comply with the particularity requirements of Fed.R.Civ.P. 9(b). The Sixth Circuit has interpreted Rule 9(b) to require that a plaintiff must "allege the time, place, and content of the alleged misrepresentations on which he or she relied; the fraudulent scheme, the fraudulent intent of the defendant; and the injury resulting from the fraud." As noted by the Sixth Circuit, "at a minimum, Rule 9(b) requires that the plaintiff specify the 'who, what, when, where, and how' of the alleged fraud." *Sanderson v. HCA-The Healthcare Co.,* 447 F.3d 873 (6th Cir. 2006). Although courts have permitted allegations of fraud based upon "information and belief," the complaint "must set forth a factual basis for such belief," and the allowance of "this exception must not be mistaken for license to base claims of fraud on speculation and conclusory allegations." *Id.*

### IV. Tortious Interference Claim

To state a cause of action for tortious interference with a business relationship, the Tennessee Supreme Court has held that the plaintiff must prove the following: (1) an existing business relationship with specific third parties or a prospective relationship with an identifiable class of third persons; (2) the defendant's knowledge of that relationship and not a mere awareness of the plaintiff's business dealings with others in general; (3) the defendant's intent to cause the breach or termination of the business relationship; (4) the defendant's improper motive or improper means, and finally, (5)

8

damages resulting from the tortious interference. *Trau-Med of America Inc. v. Allstate Ins. Co.,* 71 S.W.3d 691 (Tenn. 2002).

The first element of the cause of action is an existing business relationship with specific third parties or a prospective relationship with an identifiable class of third persons. PCS alleges that the Sevier, Anderson, Cocke and Loudon County school boards opened bidding for proposed services for computer equipment and maintenance. The complaint alleges that Central Knox submitted a bid to provide those services. The complaint alleges that PCS had a business relationship and a prospective business relationship with the school boards but fails to allege any facts that demonstrate that PCS had a contract for the services for which the boards had opened bidding. Moreover, the complaint fails to state any facts that would lead one to conclude that PCS had submitted a bid for the Sevier County contract. Other than conclusory statements that PCS had an existing relationship or prospective relationship with the school boards, there are no facts alleged to prove that PCS had an existing relationship or a prospective relationship concerning the provision of services for computer equipment or maintenance.

The second element of tortious interference is the defendant's knowledge of the relationship and not a mere awareness of the plaintiff's business dealings with others in general. Plaintiff's Complaint does not allege any facts that would support the conclusion that Central Knox had any knowledge that PCS had existing relationships with Sevier, Anderson, Cocke or Loudon County school boards regarding the contracts which the boards let for bidding. Rather, the complaint simply alleges that Central Knox knew that

9

PCS had a business relationship in general, but no facts to support its claim. Awareness of a business relationship in general, even if true, is not sufficient to support this element of the tort.

The third element of the tort is the defendant's intent to cause the breach or termination of the business relationship. The complaint does not allege that PCS had an agreement to provide service to the school boards for computer equipment and maintenance. The complaint does not allege any facts that would support the fact that any existing contracts between the school boards and PCS were breached by Central Knox's actions.

The fourth element of tortious interference with a business relationship is the defendant's improper motive or improper means. In this regard, PCS alleges that Central Knox submitted proposals with the name of Doug Dockery included as an individual who would provide service to the school boards when he, as a former PCS employee, was contractually prohibited from doing so, and that Central Knox's website contained misleading information about service center locations when, in reality one or more of these locations are not bona fide Central Knox service centers. With regard to the Dockery allegation, there was no contract filed with the complaint to support this claim. Rather, the complaint draws a legal conclusion with no factual basis to justify the conclusion. There is no allegation or factual basis in the complaint that Central Knox knew of any alleged contractual prohibition that would not permit Dockery to be included on a bid submitted by Central Knox. As to the claims regarding the Central Knox website, the complaint does not

10

allege that the websites are misleading or inaccurate, but rather speculation that the information is misleading. Under the requirements of both Rule 8 and Rule 9(b), speculation is not proper pleading. Further, there are insufficient facts to identify what information on the websites is misleading or how it is misleading.

The final element needed to prove tortious interference is that damages resulted from the tortious interference. The only allegations concerning this element are that there was a causal relationship between PCS not getting the contracts and Central Knox's activities. No specific facts are alleged that would show that the school boards decided to accept Central Knox's bids in a way that improperly damaged PCS.

To survive defendant's motion to dismiss, PCS must have alleged sufficient facts to prove that it had an existing business relationship or a prospective business relationship with the Sevier, Anderson, Cocke and Loudon County school boards, which was known to Central Knox and that Central Knox intended to cause those relationships to be terminated. PCS obviously could not have had a contract or other ongoing relationship with the school boards if the boards were actively requesting submission of bids in an attempt to determine to whom they would award their contracts. Additionally, PCS has not alleged any facts tending to show that Central Knox had an improper motive or used improper means. "In the tortious interference context, business competition may be a defense, as the Tennessee Supreme Court has long held that, in the absence of an actual contract, a competitor is privileged to attempt to advance its own business interests at the expense of a competitor's, so long as the method of such competition is not

11

improper." *Freeman Mgt. Corp v. Shurgrad Storage Centers LLC,* 461 F.Supp.2d 629, 640 (M.D.Tenn. 2006); *see also Sullivan, Inc.,* 783 S.W.2d at 543 ("[T]he policy of the common law has always been in favor of free competition.... Where the contract interfered with is terminable at will ... the privilege of competition has been recognized."). Thus, to show an "improper motive" in the tortious-interference context, the *Trau-Med* court stated that the plaintiff must demonstrate that "the defendant's *predominant* purpose was to injure the plaintiff." *Trau-Med*, 71 S.W.3d at 701 n. 5 (emphasis added). Allegations which assert that Central Knox was only attempting to compete with PCS are insufficient. *Terra Aqua,* 2006 WL 2105996 at *3 (Tenn.Ct.App. July 28, 2006). The complaint contains no allegations that Central Knox made false statements about PCS's business or in any other way attempted to injure PCS. Rather, the court reads the allegations against Central Knox as merely competitive actions taken to try to win a bid.

The instant case is similar to the *Terra Aqua* case, wherein the plaintiff alleged that a defendant misrepresented the quality of its products and thereby won a bid. In dismissing a claim for tortious interference, the court explained that even assuming the defendant willfully misrepresented the quality of its products, there was nothing to suggest the misrepresentation was for the predominant purpose of causing injury to the plaintiff, rather than simply to compete. *Id.* at *4. The *Terra Aqua* court differentiated the case from *Trau-Med*, where the defendant made false statements about the plaintiff and threatened to protract litigation against the plaintiff, in an attempt to injure the plaintiff. *Id.* Like the *Terra Aqua* case, PCS has only alleged that Central Knox engaged in competitive activity to win a bid and not that it took any action directed at PCS for the predominant purpose of
12

injuring PCS.  Accordingly, the court finds that because PCS has failed to properly plead its claim for tortious interference with a business relationship, the claim will be dismissed.

### V.  Lanham Act Claim

To state a cause of action for misleading advertisement under the Lanham Act, 15 U.S.C. § 1125(a)(1), a plaintiff must establish the following: (1) the defendant has made false or misleading statements of fact concerning his own product or another's; (2) the statement actually tends to deceive a substantial portion of the intended audience; (3) the statement is material in that it will likely influence the deceived consumer's purchasing decision; (4) the advertisements were introduced into interstate commerce; and (5) there is some causal link between the challenged statements and harm to the plaintiff.  *American Council of Certified Podiatric Physicians and Surgeons v. American Bd. of Podiatric Surgery Inc.,* 185 F.3d 606 (6th Cir. 1999); *Balance Dynamics Corp. v. Schmitt Indus. Inc.,* 204 F.2d 683 (6th Cir. 2000).

The first element that PCS must prove is that Central Knox made false or misleading statements of fact concerning its own product or another's products.  There are no allegations in the complaint to support this element.  The only allegation of fact alleges that Central Knox's website misrepresents its service locations.  The second element is that the statement actually or tends to deceive a substantial portion of the intended audience.  Other than a conclusory statement that the website service locations actually or tended to deceive the website's intended audience, there are no facts to support this conclusion.

13

Case 3:11-cv-00374-TWP-HBG   Document 13   Filed 03/30/12   Page 13 of 15   PageID #: 77

The third element of a false advertising claim is that the statement is material in that it will likely influence the deceived consumer's purchasing decisions. Here, PCS alleges that Central Knox's statement about its service centers will likely influence the consumer's purchasing decision. However, there are no facts to support this bare legal conclusion. The last element that PCS must prove is that there is some causal link between the challenged statements and harm to the plaintiff. Again, the complaint contains no facts to support this element. Instead, PCS pleads the legal conclusion that there is some causal link between the Central Knox website and Central Knox being awarded the bids from the school boards. Because PCS has failed to properly plead its claim for violation of the Lanham Act, the claim will be dismissed.

## VI.  Conclusion

Plaintiff's motion to amend its complaint [Doc. 9] is **GRANTED.**

For the reasons stated above, the court finds Central Knox's motion to dismiss [Doc. 2] well taken and it is **GRANTED.**  Plaintiff's complaint is **DISMISSED in its entirety.**

**ENTER:**

s/ Thomas W. Phillips
                                                    United States District Judge